Ryan Lee, Esq. (SBN 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal, Esq. (SBN 279334)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 861-1390
Attorneys for Plaintiff,
JO ANN HOLCOMB

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| JO ANN HOLCOMB, | Case No.: |
| Plaintiff, | **VERIFIED COMPLAINT** |
|  | **(Unlawful Debt Collection Practices)** |
| v. |  |
| GC SERVICES, LP , |  |
| Defendant. |  |

JO ANN HOLCOMB (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES, LP , (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

## PARTIES

6. Plaintiff is a natural person residing in Clovis, Fresno County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national debt collection company located in Houston, TX.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. In or around March of 2014, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

13. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

14. Defendant called Plaintiff's telephone number at 559-260-48XX.

15. In or around March of 2014, Defendant called Plaintiff and left a voicemail message. *See* transcribed voicemail message attached hereto as Exhibit A.

16. In the voicemail message, Defendant failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed in an attempt to collect an alleged debt. *See* Exhibit A.

17. In the voicemail message, Defendant directed Plaintiff to return the call to telephone number 866-391-0768, extension 5076, which is a number that belongs to Defendant. *See* Exhibit A.

18. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

    b. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity.

    c. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of the debt;

    d. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt;

    e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, JO ANN HOLCOMB, respectfully requests judgment be entered against Defendant, GC SERVICES, LP , for the following:

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

22. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

24. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

WHEREFORE, Plaintiff, JO ANN HOLCOMB, respectfully requests judgment be entered  against Defendant, GC SERVICES, LP , for the following:

25. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

26. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

27. Any other relief that this Honorable Court deems appropriate.

1-25

RESPECTFULLY SUBMITTED,

DATED: May 23, 2014              KROHN & MOSS, LTD.

By: /s/Ryan Lee

Ryan Lee
Attorney for Plaintiff
Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
T: (323) 988-2400 x241; F: (866) 861-1390
rlee@consumerlawcenter.com
Attorneys for Plaintiff